HOFMEISTER v RANDALL

Docket No. 63141. Submitted February 2, 1983, at Lansing.—Decided March 22, 1983.

Plaintiffs, Lawrence and Vivian Hofmeister, obtained a judgment against defendants, Howard Randall, Joel L. Batterbee and Ronald L. Aldrich. Apparently none of the defendants attempted to pay the judgment and defendant Aldrich is the only one with any appreciable assets. Subsequently, plaintiffs tried numerous times to enforce the judgment. They filed a writ of garnishment but succeeded in gaining only $1,990.34 from Aldrich's bank account. Later, they filed a motion for an order requiring discovery of Aldrich's assets and even deposed him. However, no other attachable assets were discovered. Plaintiffs finally filed a motion in the Tuscola Circuit Court to enforce the judgment, requesting several types of relief, including appointment of a receiver for Aldrich's property. Plaintiffs alleged that Aldrich was the sole owner and operator of Aldrich Realty Company, which had substantial assets and paid him a substantial income. The court, Patrick Reed Joslyn, J., appointed a receiver. Aldrich appealed. *Held:*

The appointment of a receiver, being a harsh remedy, should be resorted to only in extreme cases where less intrusive means are not available and other approaches have failed to bring about compliance with the court's orders. Plaintiffs tried less drastic measures without success. The appointment was appropriate even if Aldrich's claim of no attachable assets was true.

Affirmed.

1. COURTS — REMEDIES — RECEIVERSHIP.

The appointment of a receiver, being a harsh remedy, should be resorted to only in extreme cases where less intrusive means are not available and other approaches have failed to bring about compliance with the court's orders.

REFERENCES FOR POINTS IN HEADNOTES
[1] 65 Am Jur 2d, Receivers § 116.
[2] 65 Am Jur 2d, Receivers § 15.

2. Courts — Remedies — Receivership.

A court has the power to appoint a receiver to enforce a money judgment even where the debtor has no attachable assets.

*Haines, Marti & Koopman* (by *George W. Marti),* for plaintiffs.

*Lambert, Leser, Hebert & Dahm, P.C.* (by *John J. Hebert),* for defendant Aldrich.

Before: T. M. Burns, P.J., and Allen and Cynar, JJ.

Per Curiam. Defendant Ronald Aldrich appeals as of right an order issued February 26, 1982, appointing a receiver, pursuant to MCL 600.6104; MSA 27A.6104, and requiring him to turn over to the receiver all of his real and personal property.

On August 20, 1979, plaintiffs won a judgment against defendants for $45,245.06. Apparently non of the defendants attempted to pay the judgment and defendant Aldrich[1] is the only one with any appreciable assets.

Subsequently, plaintiffs tried numerous times to enforce the judgment. They filed a writ of garnishment in May, 1980, but succeeded in gaining only $1,990.35 from defendant's bank account. Later, they filed a motion for an order requiring discovery of defendant's assets and even deposed defendant. However, no other attachable assets were discovered.

Plaintiffs finally filed a motion to enforce the judgment, requesting several types of relief, including appointment of a receiver for defendant's property. Plaintiffs alleged that defendant was the sole owner and operator of Aldrich Realty Com-

[1] From this point, "defendant" refers to Ronald Aldrich.

pany which has substantial assets and pays defendant a substantial income.

Defendant contends on appeal that the trial court abused its discretion in appointing a receiver. A court has the basic responsibility of enforcing its own orders and has considerable discretion in choosing the means to be employed. *Butler v Butler,* 356 Mich 607, 618; 97 NW2d 67 (1959). In fact, the appointment of a receiver "is made by a court of equity * * * in the performance of one of its prerogative functions, and as incidental to, and in aid of, its jurisdiction, in order to enable it to accomplish, as far as practicable, complete justice between the parties before it". 75 CJS, Receivers, § 3, p 659. (Footnotes omitted.) Figuratively, a receiver is the arm of the court, appointed to receive and preserve the litigating parties' property. *Westgate v Westgate,* 294 Mich 88, 91; 292 NW 569 (1940).

Defendant concedes that the trial court had the discretion to appoint a receiver. Instead, he argues that one should not be appointed unless no less drastic means of enforcing plaintiffs' judgment are available. *Petitpren v Taylor School Dist,* 104 Mich App 283, 295; 304 NW2d 553 (1981), *lv den* 412 Mich 899 (1982), outlines the principles to be applied in determining whether or not a receiver should be appointed:

"[T]he appointment of a receiver is a harsh remedy which should only be resorted to in extreme cases. * * * If less intrusive means are available to effectuate the relief granted by the trial court, a receiver should not be used. *People v Israelite House of David,* 246 Mich 606, 618; 225 NW 638 (1929). When other approaches have failed to bring about compliance with a court's orders, whether through intransigence or incompetence, a receivership may then be appropriate."

Plaintiffs have in fact tried less drastic measures for the last two years trying to enforce their judgment. They have garnished defendant's bank account, moved for the discovery of his assets, and deposed defendant with little success. Plaintiffs believe that defendant has assets which do not belong to the business and are not owned by the entirety with his wife. No such assets have been located and defendant denies that any exist.

However, plaintiffs admit that other discovery devices could be used to obtain the information they seek, e.g., subpoenaing bank records and defendant's company books, subpoenaing defendant's banker, secretary, accountant, and other relevant individuals and obtaining an order compelling defendant to answer plaintiffs' questions. They argue that a receiver could obtain defendant's property and records as well as question these individuals more expeditiously and less expensively. Defendant essentially asserts that most, if not all, of these discovery devices must be exhausted before the court can appoint a receiver.

*Petitpren* stated that receivership is a remedy of last resort and should not be used unless less drastic approaches have failed or would manifestly be doomed to failure. *Petitpren, supra,* 104 Mich App 297-298. In other words, a receiver should not be appointed where another safe, expedient, adequate and less drastic remedy exists. 75 CJS, Receivers, § 9, p 668. Therefore, the appointment was appropriate in this case. Subpoenaing records and examining witnesses would involve much more court time and expense than appointing a receiver. Plaintiffs have to a certain extent already unsuccessfully employed other less drastic methods.

In this case, plaintiffs were not required to exhaust all discovery devices available to them

before a receiver may be appointed. Apparently, defendant knows practically nothing about his own business: others handled its books and records. Furthermore, most of its assets have been held jointly (by the entirety) with defendant's wife. Under these circumstances, we do not believe that the trial court abused its discretion.

Defendant also contends that an evidentiary hearing was required before the circuit court could properly exercise its jurisdiction. No evidence or testimony was presented during the hearing on plaintiffs' motion. The trial court determined that a receivership was appropriate based only upon the pleadings and oral representations by counsel.

Due to the harsh nature of a receivership, a court must proceed carefully before deciding that the circumstances warrant such remedy. Therefore, an evidentiary hearing may often be necessary before a court exercises its inherent equitable authority to appoint a receiver. *Petitpren, supra,* 104 Mich App 297. However, *Petitpren* also suggested that such a hearing would be unnecessary if the facts were totally uncontroverted and the actual conditions were established. *Id.*

In the instant case, because no material factual dispute existed, an evidentiary hearing was unnecessary. Defendant admitted that plaintiffs' judgment against him was valid and enforceable and that the real and personal property in question existed. Defendant only contended that he did not own any attachable assets. However, if the pleadings are sufficient, a court has the power to appoint a receiver even where the debtor denies owning any attachable assets. *Campau v Detroit Driving Club,* 144 Mich 80, 99; 107 NW 1063 (1906).

Affirmed.